IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

CLIFFORD CHARLES FOWLER, )
Register No. 166478, )
                                              )
             Plaintiff, )
                                              )
             v. )          No. 07-4197-CV-C-SOW
                                              )
LARRY CRAWFORD, et al., )
                                              )
             Defendants. )

## REPORT, RECOMMENDATION AND ORDER

Plaintiff Clifford Fowler filed suit under 42 U.S.C. § 1983 and 42 U.S.C. § 2000cc-1(a), asserting defendants denied him due process of law, placed substantial burdens on the exercise of his religious rights, and retaliated against him for filing a separate lawsuit when they confiscated his religious property. Defendants seek dismissal, pursuant to Fed. R. Civ. P. 12(b)(6), and ask the court to strike certain matters, pursuant to Fed. R. Civ. P. 12(f). Plaintiff responded in opposition to the motion, and defendants replied.[1]

"[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). When applying this standard, the court accepts as true the factual allegations in the complaint and views them in the light most favorable to the plaintiff. Hishon v. King and Spalding, 467 U.S. 69, 73 (1984); Kohl v. Casson, 5 F.3d 1141, 1148 (8th Cir. 1993).

Defendants initially seek dismissal of plaintiff's claims related to the confiscation of religious items in June 2007. Defendants assert plaintiff failed to exhaust his administrative

---

[1]This case was referred to the undersigned United States Magistrate Judge for processing in accord with the Magistrate Act, 28 U.S.C. § 636, and L.R. 72.1.

remedies on the issues related to those items.  Plaintiff acknowledges he did not exhaust his administrative remedies with respect to the items taken in June 2007.

Under 42 U.S.C. § 1997e(a), a prisoner must exhaust all administrative remedies prior to filing a federal lawsuit.  Thus, exhaustion of the process set forth by the Missouri Department of Corrections Offender Grievance Procedures must be completed prior to an inmate filing suit.  See Johnson v. Jones, 340 F.3d 624, 628 (8th Cir. 2003).

Plaintiff states, however, that he does not currently seek relief for the confiscation of those items, but mentioned them for other purposes.  Thus, defendants' motion on this issue will be recommended denied as moot.

Defendants next assert plaintiff has failed to state a claim for denial of due process because plaintiff has adequate state law remedies available to him for the loss of his property.

Generally, if a state provides adequate remedies to compensate individuals for wrongful property loss, there is no absence of due process.  See Hudson v. Palmer, 468 U.S. 517, 533 (1984) (intentional and negligent deprivations of property not actionable under section 1983 if suitable state remedy); Parratt v. Taylor, 451 U.S. 527, 542 (1981).  Missouri provides adequate remedies to redress property damages.  Orebaugh v. Caspari, 910 F.2d 526, 527 (8th Cir. 1990); Sours v. Armontrout, No. 87-1240, slip op. (8th Cir. June 1, 1987) (unpublished).

Plaintiff responds that he voluntarily dismisses his claim for the denial of due process, without prejudice.  His response will be treated as a motion to voluntarily dismiss Count I of his amended complaint.

Plaintiff's first amended complaint brings suit against defendants in their official capacities as employees of the state.  It does not include statements that defendants are sued in their individual capacities.  As a result, defendants assert they are entitled to dismissal because, in their official capacities, they are not persons subject to a suit for damages under 42 U.S.C. § 1983.  Likewise, they claim Eleventh Amendment immunity.

Plaintiff responds in opposition to dismissal, but also alternatively requests leave to amend his complaint to assert that his claims are against defendants in both their official and individual capacities.  Because plaintiff seeks damages and equitable relief, an amendment for that purpose will be permitted.

The court notes that the Eleventh Amendment to the United States Constitution prohibits suits for damages against the state, agencies of the state or state officials acting in their official capacities. Nix v. Norman, 879 F.2d 429, 432-33 (8th Cir. 1989). Additionally, a state official sued in his official capacity is not a person within the meaning of 42 U.S.C. § 1983.

Nevertheless, a state official may be sued in his official capacity for prospective injunctive relief when the plaintiff alleges defendant was acting in violation of constitutional or federal law. See Ex parte Young, 209 U.S. 123, 159-60 (1908); Heartland Academy Community Church v. Waddle, 427 F.3d 525, 530 (8th Cir. 2005).

Defendants maintain that plaintiff's claims against them are based upon respondeat superior and should be dismissed. Plaintiff concedes that respondeat superior is an improper basis for liability under 42 U.S.C. § 1983, but asserts each of the defendants had personal involvement in the events giving rise to the lawsuit, and they are not being included because of their supervisory status. At this early stage of the proceedings, where notice pleading is all that is required, plaintiff will be given the benefit of the doubt and defendants' motion on this issue will be recommended denied. If plaintiff learns during the discovery process that a defendant or defendants did not have any personal involvement, plaintiff should voluntarily dismiss that defendant and/or claim.

Defendants next request the court to dismiss or to strike the claims against defendants Clements, Kemna, Long, Dormire, Wood and Gibson as redundant. Defendants claim that after Eleventh Amendment immunity is considered, the only remaining claims are for prospective injunctive relief against defendants in their official capacities. As such, they state injunctive relief against one defendant would preclude the need for relief from the other defendants.

The court is permitting plaintiff to amend his complaint to add individual capacity claims, and thus, dismissal for redundancy will be recommended denied.

Finally, defendants assert plaintiff has not identified the legal basis for his claim of retaliation. Plaintiff responds that he has alleged defendants retaliated against him by confiscating his property, issuing a conduct violation and not permitting him to send his property out of the institution because he filed a separate lawsuit.

It is well settled that "access of prisoners to the courts for the purpose of presenting their complaints may not be denied or obstructed." Johnson v. Avery, 393 U.S. 483, 485 (1969). See also Flittie v. Solem, 827 F.2d 276, 280 (8th Cir. 1987). Generally, a bald assertion of the ultimate fact of retaliation is insufficient to state a claim for relief. Benson v. Cady, 761 F.2d 335, 342 (7th Cir. 1985). However, if claims of retaliation involve critical issues of fact, a complaint should not be dismissed before those issues are resolved. Bridges v. Russell, 757 F.2d 1155, 1157 (11th Cir. 1985). Additionally, some courts look to the chronology of events alleged by the plaintiff to determine whether retaliation may be inferred. Benson v. Cady, 761 F.2d at 342. Finally, although the underlying conduct of prison officials may not be otherwise actionable under the Civil Rights Act, when a retaliatory motive has been alleged, the complaint states a claim sufficient to avoid dismissal. See, e.g., Hall v. Sutton, 755 F.2d 786, 787 (11th Cir. 1985). Nevertheless, a plaintiff must prove that retaliation was "*the actual motivating factor*" for the adverse action. Goff v. Burton, 7 F.3d 734 (8th Cir. 1993).

In this case, plaintiff has identified the legal basis for his claim and should be permitted to proceed.

For these reasons, it is

ORDERED that plaintiff is granted leave to submit, within twenty days, a second amended complaint clarifying that defendants are sued in their individual and official capacities, and, if appropriate, to set forth facts showing the involvement of the individual defendants in the events giving rise to this lawsuit. No new claims may be added without leave of court. It is further

RECOMMENDED that defendants' motion of February 7, 2008, to dismiss be

(1) denied as moot on the issue of exhaustion of administrative remedies;

(2) denied as moot on plaintiff's due process claims;

(3) granted on plaintiff's damage claims against defendants in their official capacities;

(4) denied on the basis of respondeat superior;

(5) denied on the basis of redundancy; and

(6) denied on plaintiff's retaliation claim.

[10]  It is further

RECOMMENDED that plaintiff's motion to voluntarily dismiss, without prejudice, his due process claims in Count I of the Amended Complaint be granted.  [18]

Under 28 U.S.C. § 636(b)(l), the parties may make specific written exceptions to this recommendation within twenty days.  The District Judge will consider only exceptions to the specific proposed findings and recommendations of this report.  Exceptions should not include matters outside of the report and recommendation.  Other matters should be addressed in a separate pleading for consideration by the Magistrate Judge.

The statute provides for exceptions to be filed within ten days of the service of the report and recommendation.  The court has extended that time to twenty days, and thus, additional time to file exceptions will not be granted unless there are exceptional circumstances.  Failure to make specific written exceptions to this report and recommendation will result in a waiver of the right to appeal.  See L.R. 74.1(a)(2).

Dated this 18th day of March, 2008, at Jefferson City, Missouri.

/s/ *William A. Knox*

WILLIAM A. KNOX
United States Magistrate Judge