IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | | |
|---|---|---|
| CLIFFORD CHARLES FOWLER, | ) | |
| Register No. 166478, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 07-4197-CV-C-SOW |
| | ) | |
| LARRY CRAWFORD, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

Before this court is the motion for summary judgment filed by defendants Tom Clements, Larry Crawford, Dave Dormire, Robert Joe Gibson, Mike Kemna, Steve Long and Arthur Wood. Defendants argue plaintiff has failed to come forward with evidence from which a reasonable jury could find that defendants confiscated and destroyed plaintiff's religious property in retaliation for his previous filing of a lawsuit. Defendants argue that plaintiff's related claims alleging denial of due process, rights under the Religious Land Use and Incarcerated Persons Act (RLUIPA) and the Missouri Religious Freedom Restoration Act (RFRA), and his claim of conversion are also unsupported by evidence. Plaintiff has responded in opposition to the motion and defendants have subsequently filed a reply in support.[1]

Rule 56(c) of the Federal Rules of Civil Procedure requires "the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The burden on the party moving for summary judgment "is only to demonstrate . . . that the record does not disclose a genuine dispute on a material fact." City of Mt. Pleasant, Iowa v. Associated Elec. Co-Op., 838 F.2d 268, 273 (8th Cir. 1988).

---

[1]This case was referred to the undersigned United States Magistrate Judge for processing in accord with the Magistrate Act, 28 U.S.C. § 636, and L.R. 72.1.

Once the moving party has done so, the burden shifts to the nonmoving party to go beyond his pleadings and show, by affidavit or by "depositions, answers to interrogatories, and admissions on file," that there is a genuine issue of fact to be resolved at trial. Celotex, 477 U.S. at 323. Evidence of a disputed factual issue which is merely colorable or not significantly probative, however, will not prevent entry of summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

Summary judgment, however, "is an extreme remedy, to be granted only if no genuine issue exists as to any material fact." Hass v. Weiner, 765 F.2d 123, 124 (8th Cir. 1985). In ruling on a motion for summary judgment, this court must view all facts in a light most favorable to the nonmoving party, and that party must receive the benefit of all reasonable inferences drawn from the facts. Robinson v. Monaghan, 864 F.2d 622, 624 (8th Cir. 1989).

If "there is no genuine issue as to any material fact and . . . the movant is entitled to judgment as a matter of law," the court must grant summary judgment. Fed. R. Civ. P. 56(c).

The undisputed material facts in this case show nondefendant Yvonne Durbin was the person who searched plaintiff's cell on March 14, 2006, and confiscated religious items that were not listed on plaintiff's personal property list. There is no dispute that the religious items confiscated were otherwise allowed by prison policy, if properly acquired and documented on plaintiff's personal property list in accordance with prison security policies. For security purposes, items not listed on a prisoner's property list are considered contraband.[2] A prisoner's property list is the controlling document as to what property an inmate is allowed to possess.[3] Yvonne Durbin was the person who determined that plaintiff's religious property was not listed

---

[2]See Doc. 70, defendants' motion for summary judgment, Exh. L (Affidavit of Arthur Wood, Deputy Warden Jefferson City Correctional Center). "The policy for obtaining religious items and confiscating contraband is the only avenue the Department has to ensure that religious items are not smuggled in, offenders are not running stores, and that the item was thoroughly examined upon entry into the institution to make sure it is not altered. Absent requiring this procedure staff cannot be sure they are maintaining order and security."

[3]Although plaintiff alleges that inmate property lists often can be negligently incorrect, he has come forward with no evidence to contradict that the property list is to be controlling as to whether a prisoner's property is considered contraband.

2

on his property list, and therefore, was contraband. This contraband was subsequently authorized destroyed by two other nondefendants, Paul Gore and Bill Galloway.

Although plaintiff names Tom Clements, Larry Crawford, Dave Dormire, Robert Joe Gibson, Mike Kemna , Steve Long and Arthus Wood as defendants in this case, plaintiff has come forward with no admissible evidence which would support an inference that any of these defendants confiscated, or destroyed his religious property or directed such action in retaliation for his filing of a prior lawsuit. Absent such evidence, a jury could not find them liable.

Prison officials may not punish an inmate because he exercises his constitutional right of access to the courts. Sisneros v. Nix, 95 F.3d 749, 751 (8th Cir. 1996). Therefore, if a prisoner is retaliated against for filing a lawsuit, this retaliation claim is actionable independent of proof of a separate injury. See Cowans v. Warren, 150 F.3d 910, 912 (8th Cir. 1998) (injury is not required where an inmate proves that the false disciplinary charge was filed against him in retaliation for filing a grievance). However, to be liable for the alleged retaliation, defendants must have been personally involved in or directly responsible for the conduct that caused the injury. Martin v. Sargent, 780 F.2d 1334, 1338 (8th Cir. 1985). In the instant case, the named defendants were not involved in the removal or destruction of plaintiff's religious property. Rather, nondefendants Durbin, Gore and Galloway were the persons responsible for those actions. Plaintiff has failed to come forward with admissible evidence to support an inference that the removal and destruction of his property was the result of defendants' retaliatory motivation. Plaintiff's allegation that it can be inferred from the circumstances that defendants directed the nondefendants to confiscate and dispose of plaintiff's religious property is merely speculative and conclusory, and will not support a retaliation claim at summary judgment. Atkinson v. Bohn, 91 F.3d 1127, 1129 (8th Cir. 1996). Plaintiff's assertion of what his roommate told him regarding the search is hearsay and inadmissible. At summary judgment, although the district court views the facts in the light most favorable to the nonmoving party, the court does not accept unreasonable inferences or sheer speculation as fact, as alleged here by plaintiff. See Mole v. Buckhorn Rubber Prods., Inc., 165 F.3d 1212, 1218-19 (8th Cir. 1999). Thus, despite plaintiff's allegations of retaliation by defendants for his filing a prior lawsuit, plaintiff has come forward with no sufficient evidence from which a jury could find on his behalf.

Plaintiff's allegations that defendants were supervisors involved in the grievance process and failed to properly investigate and respond to his grievances related to the confiscation of his religious property also fail to support a claim of retaliation against defendants. Supervisors cannot be held liable under section 1983 for an employee's unconstitutional actions. Boyd v. Knox, 47 F.3d 966, 968 (8th Cir. 1995). A supervisor's mere involvement in the grievance process is insufficient to be actionable under 42 U.S.C. § 1983. Rowe v. Norris 198 Fed. Appx. 579 (8th Cir. 2006). Moreover, it is well settled that a failure to properly investigate or respond to a prisoner's grievances is not actionable under section 1983. Grievance procedures providing for an administrative remedy procedure do not create a liberty interest in access to that procedure. Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993). A grievance procedure is a procedural right only; it does not confer any substantive right upon an inmate. Id. The inmate grievance procedures are not required by the Constitution, and therefore, there is no constitutional obligation on defendants' part to afford plaintiff meaningful access to the internal grievance procedure and to investigate and properly determine any such grievance. A mere failure to properly investigate and/or respond to an allegation of unconstitutional activity contained in a prisoner's grievance does not provide a basis for finding liability under section 1983. Lomholt v. Holder, 287 F.3d 683, 684 (8th Cir. 2002) (defendants' denial of plaintiff's grievances did not state a substantive constitutional claim); Day v. Correctional Medical Services, 281 Fed. Appx. 624, 626 (8th Cir. 2008) (court affirmed there was no constitutional violation for alleged failures of defendants to process plaintiff's grievances properly).

Plaintiff also has failed to come forward with evidence from which a reasonable jury could find that his due process rights or rights under RLUIPA were violated by these defendants. Plaintiff has produced no evidence to support his claim that the named defendants were involved in the confiscation and destruction of his religious property. As set forth above, defendants' mere involvement in the grievance process is insufficient to support liability.

Plaintiff's state law claims are barred by the State of Missouri's one-year statute of limitations as provided in Mo. Rev. Stat. § 516.145. Plaintiff filed this case on September 26, 2007, and he alleges his property was confiscated in March of 2006 and destroyed in June of 2006. Clearly, the one-year statute of limitations has run. This statute of limitations is not tolled

4

pending exhaustion of administrative remedies.  Cooper v. Minor, 16 S.W.3d 578, 581-82 (Mo. Banc 2000).

Plaintiff does not address defendants' argument that he cannot bring a claim under the Missouri RFRA.  Accordingly, defendants are entitled to summary judgment on this count.  Satcher v. University of Arkansas at Pine Bluff Bd. of Trustees, 558 F.3d 731, 734 (8th Cir. 2009) (failure of a party to oppose a basis for summary judgment constitutes a waiver of that argument).

This court finds there to be no dispute of material fact that would require this case to go to trial.  At most, plaintiff has presented evidence that nonparties negligently confiscated and later destroyed his religious property.  Plaintiff's evidence against defendants amounts to mere allegations, unsupported by specific facts or evidence beyond plaintiff's own conclusions, and therefore, cannot withstand a motion for summary judgment.  See Thomas v. Corwin, 483 F.3d 516, 527 (8th Cir. 2007).

IT IS, THEREFORE, RECOMMENDED that defendants' motion for summary judgment be granted and plaintiff's complaint be dismissed.  [70]

Under 28 U.S.C. § 636(b)(l), the parties may make specific written exceptions to this recommendation within ten (10) days.  If additional time is needed, a motion for an extension of time must be filed within ten days.  The motion should state the reasons for the request.  See Nash v. Black, 781 F.2d 665, 667 (8th Cir. 1986) (citing Thomas v. Arn, 474 U.S. 140 (1985)); Messimer v. Lockhart, 702 F.2d 729 (8th Cir. 1983).  Failure to make specific written exceptions to this report and recommendation may result in a waiver of the right to appeal.

Dated this 20th day of August, 2009, at Jefferson City, Missouri.

/s/ *William A. Knox*

WILLIAM A. KNOX
United States Magistrate Judge