IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | | |
|---|---|---|
| CLIFFORD CHARLES FOWLER, | ) | |
| Register No. 166478, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 07-4197-CV-C-SOW |
| | ) | |
| LARRY CRAWFORD, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

On August 20, 2009, United States Magistrate Judge William A. Knox recommended granting defendants' motion for summary judgment and dismissing plaintiff's claims. The parties were advised they could file written exceptions to the recommendation, pursuant to 28 U.S.C. § 636(b)(1)(C).

The court has conducted a de novo review of the record, including the exceptions filed by plaintiff on September 3, 2009. The issues raised in plaintiff's exceptions were adequately addressed in the report and recommendation.

Plaintiff's exceptions overlook the fact that the mere supervisory authority of defendants over nondefendants does not make them liable for the actions of the nondefendants. There is no evidence to support the inference that the defendants named by plaintiff, i.e., Tom Clements, Larry Crawford, Dave Dormire, Robert Joe Gibson, Mike Kemna, Steve Long and Arthur Wood, confiscated or destroyed his religious property or directed, encouraged or supported such action in retaliation for his filing a prior lawsuit. Without evidence suggesting that defendants were involved other than after the fact in the grievance process, plaintiff has no RLUIPA, retaliation or any other claim against these named defendants. The problem with plaintiff's exceptions, and the difficulty with this case,

is that the persons listed by plaintiff as defendants are not the individuals who confiscated or destroyed his religious property. Therefore, although plaintiff's exceptions attempt to support RLUIPA and retaliation claims, they fail to address the basic element required, the actual involvement of the named defendants in the alleged violations of plaintiff's rights under RLUIPA or the Constitution.

The court is persuaded that the recommendation of the Magistrate Judge is correct and should be adopted.

Inmates who file an appeal with the United States Court of Appeals for the Eighth Circuit are required to pay the full $455.00 appellate filing fee, regardless of the outcome of the appeal. Henderson v. Norris, 129 F.3d 481, 484 (8th Cir. 1997). The filing of a notice of appeal is considered a consent by the inmate to allow prison officials to deduct an initial partial appellate filing fee and later installments from the prisoner's account.

IT IS, THEREFORE, ORDERED that the Report and Recommendation [86] of August 20, 2009, is adopted. It is further

ORDERED that defendants' motion for summary judgment [70] is granted and plaintiff's claims are dismissed.

      /s/ Scott O. Wright
SCOTT O. WRIGHT
Senior United States District Judge

DATED: September 14, 2009

2

Case 2:07-cv-04197-SOW   Document 89   Filed 09/14/09   Page 2 of 2